JUDGE KEENAN

12 CV      6352

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
DEBORAH SHEPPARD                                    )
                                                    )          No. Civ._____
              Plaintiff,                            )
                                                    )          **COMPLAINT**
         -AGAINST-                                  )          **JURY TRIAL DEMAND**
                                                    )
PETER T. ROACH & ASSOCIATES, P.C.,                  )
PETER T. ROACH                                      )
TIMOTHY MURTHA                                      )
CVF CONSUMER ACQUISITION COMPANY,)
ASSET MANAGEMENT PROFESSIONALS, LLC)
JOHN DOES # 1 - 5                                   )
              Defendants.                           )
-----------------------------------------------------------x

RECEIVED
AUG 2 0 2012
U.S.D.C. S.D. N.Y.
CASHIERS

         Plaintiff, Deborah Sheppard brings suit against Defendants for their violations of the Fair

Debt Collections Practices Act, 15 U.S.C. § 1692 et seq, New York Judiciary Law § 487, the

Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and in support would show as

follows.

## JURISDICTION AND VENUE

         1.       This court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1337.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

         2.       The Court has federal question jurisdiction over the lawsuit because the action

arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA).

Jurisdiction of the Court arises under 28 U.S.C. § 1331 in that this dispute involves predominant

issues of federal law, the FDCPA.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201

and 2202.  The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state

law claims because they  are so related to the claims within the Court's original jurisdiction that

they form part of the same case or controversy under Article 3 of the United States Constitution.

3.      Venue in this District is proper because all or a substantial part of the events or omissions giving rise to the claims occurred in New York County, New York.

4.      Plaintiff is an individual who resides in New York County, New York.

5.      Defendant Peter T. Roach and Associates, P.C. ("the PC") is a professional corporation with its principal place of business at, 125 Michael Drive, Suite 15, Syosset, New York 11791.  Said Defendant engages in business in New York, and this suit arose out of said Defendant's business in New York.  Said Defendant may be served by and through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, New York, 12231.

6.      Defendant Peter T. Roach, is an individual who, on information and belief, is a resident of the State of New York.  Peter T. Roach is an attorney and the named partner of the PC.  He may be served at his place of business Peter T. Roach and Associates, P.C. 125 Michael Drive, Suite 15, Syosset, New York 11791, or wherever he may be found.

7.      Defendant Timothy Murtha is an individual who, on information and belief, is a resident of the State of New York.  Timothy Murtha is an attorney at the PC and is personally engaged in the debt collection violations of the PC. He may be served at his place of business Peter T. Roach and Associates, P.C. 125 Michael Drive, Suite 15, Syosset, New York 11791, or wherever he may be found.

8.      Defendant CVF Consumer Acquisition Company ("CVF") is a statutory trust organized and existing under the laws of the State of Delaware, according to the records of the Delaware Secretary of State. CVF engages in business in New York but does not maintain designated agent for service of process in New York. This suit arose out of CVF's business in New York. CVF may be served through the New York Secretary of State, One Commerce Plaza,

99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to registered agent listed with the Delaware Secretary of State, U.S. Bank Trust National Association, 300 Delaware Ave., 9th Floor, Wilmington, DE 19801 (New Castle County).

9.      Defendant Asset Management Professionals, LLC ("AMP") is a foreign corporation organized under the laws of the State of Georgia with a principal place of business at **665 Molly Lane**. **Suite** 110. Woodstock, GA **30189**.  It may be served through the New York Secretary of State, Department of State's office at One Commerce Plaza, 99 Washington Avenue, Albany, New York, 12231. .

10.      John Does # 1 – 5 are debt collectors, currently unknown to Plaintiff, who forwarded the account from Capital One to AMP and CVF without disclosing that the underlying judgment had been vacated.

## FACTUAL ALLEGATIONS

11.      On or around June 8, 2004, Capital One Bank, by their attorneys, Rubin & Rothman LLC, filed an action in New York County Civil Court seeking to collect a debt against Deborah Sheppard.  That case was captioned *Capital One Bank v. Deborah Sheppard*, index number 030663/04. Ms. Sheppard was never served with the summons and complaint for the action and, as a result, was not aware of the case.

12.      Because Ms. Sheppard did not know she had been sued, she did not appear in the action and, on or around August 4, 2004, Capital One Bank obtained a default judgment against her.

13.      Ms. Sheppard discovered the default judgment in September 2008, when she saw the judgment listed on her credit report.

14.     After discovering the judgment, Ms. Sheppard, acting *pro se*, moved by Order to Show Cause to vacate the default judgment.

15.     In response to Ms. Sheppard's Order to Show Cause, Rubin & Rothman LLC submitted an affirmation dated October 16, 2008, stating that they would vacate the judgment and dismiss the action.

16.     On the return date, October 22, 2008, Ms. Sheppard appeared with an attorney from CAMBA Legal Services Inc., a non-profit legal services provider, and a stipulation was executed vacating the judgment and dismissing the action.  A true copy of the stipulation is annexed hereto as Exhibit A.

17.     Ms. Sheppard was not re-served with a summons and complaint and both Ms. Sheppard and her attorneys believed the case was over.

18.     Surprisingly, in September 2011 collection efforts began against Ms. Sheppard seeking to recover a judgment owed to Capital One Bank.

19.     Initially, these collection efforts took the form of phone calls placed to Ms. Sheppard's cell phone.

20.     Beginning September, 2011 a debt collector identifying itself as Asset Management Professionals ("AMP") incessantly called Ms. Sheppard on her cell phone seeking to collect the judgment that had been vacated.

21.     Ms. Sheppard never provided the putative original creditor, AMP, nor any other debt collector permission to call her cell phone regarding the putative account.  Ms. Sheppard told AMP that the judgment they were seeking to collect was already vacated, but AMP continued to call to collect the non-existent judgment.

22.     AMP's calls inflicted damages on Ms. Sheppard who thought that the case was over years ago when she vacated the judgment. A judgment was only entered because of sewer service. AMP's renewed collection effort on a long vacated judgment was terrifying Ms. Sheppard was scared, and suffered a great deal anxiety which affected her sleep for at least a week. Specifically, Ms. Sheppard had difficulty falling asleep, tossed and turned all night, and found it hard to get up in the morning and to go to work. She was nervous , and her neck tensed up because of the stress, causing her pain.

23.     Ms. Sheppard sent a letter to AMP, dated October 14, 2011, informing them that she disputed the debt, that the statute of limitations on the debt had expired, and, most importantly, that the Capital One Bank judgment against her had been vacated. Ms. Sheppard enclosed in the letter a printout from *Ecourts*, the New York State court system's electronic database, showing that the motion to vacate the judgment was granted.  Ms. Sheppard also requested that Asset Management Professionals stop contacting her.  A true copy of Ms. Sheppard's letter to AMP with enclosures is annexed hereto as Exhibit B.

24.     Rather than verify the debt as required by 15 USC 1692g and section 2-191 of the Rules of the City of New York, AMP forwarded the debt to CVF for further collections.

25.     On or around December 5, 2011, Timothy Murtha, an attorney at Peter T. Roach and Associates, P.C. ("the PC) signed an information subpoena and restraining notice to be sent to Amalgamated Bank, seeking to enforce the vacated judgment in the previously dismissed Capital One Bank action.  Notably, the restraining notice contained a different plaintiff in the caption, CVF, though the index number is identical.  A true copy of the information subpoena is annexed hereto as Exhibit C.

26.     By seeking to collect a non-existent judgment through garnishment, CVF, Roach, the PC, and Murtha threatened to take an act – and actually took an act -- prohibited by law, and misrepresented the character and legal status of the debt.

27.     Shortly after the information subpoena was served, Ms. Sheppard was sent a copy the information subpoena with restraining notice and an exemption claim form, as required by New York law. On December 19, 2011, Ms. Sheppard filled out this claim form and indicated 90% of her income earned in the last 60 days was exempt.

28.     Ms. Sheppard was shocked, scared, and distraught by the attempts of the PC, Roach, Murtha, and CVF to restrain her account on a judgment that was vacated.  Ms. Sheppard believed the case was over three and a half years ago when the judgment was vacated and the action dismissed.  Ms. Sheppard never thought she would continue to be at risk of enforcement. Distressed, Ms. Sheppard contacted her attorney at CAMBA Legal Services, Inc., desperately seeking protection.

29.     Immediately after speaking with Ms. Sheppard, a CAMBA Legal Services attorney contacted the PC and informed them that they had attempted to restrain and a bank account without a judgment.  In response, the PC requested documentation of the vacatur and dismissal.  The documentation was provided by fax on December 19, 2011.  Ms. Sheppard's attorney did not hear from the PC after the fax was sent, but they were told when they called the next day that the matter had been "taken care of."

30.     In order to ensure that her account was not frozen yet again, Ms. Sheppard sent the PC a letter and enclosed her exemption claim form, and the stipulation vacating the judgment and dismissing the case.  The letter additionally requested the following: 1) that the PC identify the owner, servicer, or debt collector for the debt for the last 12 months, 2) that the PC identify

who sent the non-existent judgment to the PC and to CVF for collection, and 3) to itemize the amount that was sought breaking down which portions were principal, interest, and collection fees.  Ms. Sheppard also requested that the PC cease communications with her, and that all future responses were directed to her attorney.

31.      The PC did not respond to this letter.

32.      CVF, is not and has never been licensed to collect debts in New York City as required by New York City Admin. Code § 20-490, yet has engaged and continues to engage in the collection of debts within New York City.  Without a license, CVF had no legal authority to issue a garnishment against a New York City resident, putting aside the fact that the judgment had been vacated.

33.      Roach, the PC, and Murtha knew or should have known that CVF was not licensed to collect debts.

34.      CVF's refusal to obtain licensing harms New York City consumers, including Plaintiff. The licensing requirement forces debt collectors to disclose whether any of the individual shareholders or officers have been convicted of a crime; and to disclose whether they are currently subject to a lawsuit, have had judgments rendered against them, or have outstanding unpaid judgments.

35.      CVF would also be required to disclose to all consumers that they are regulated by the NYC Department of Consumer Affairs, and to disclose their license number. This would at least disclose that the consumer could complain to a specific department for the debt collection violations of CVF.

36.      Obviously, the licensing process would help flag rogue, abusive debt collectors who have repeatedly violated the FDCPA. CVF's willful refusal to be licensed is an attempt to

7

reduce the ability to be held accountable for their FDCPA violations, to be screened out if they have repeatedly violated the FDCPA, and to attempt to gain an unfair competitive advantage over its legitimate debt collection competitors.

37.     Suit is also brought against John Does # 1 – 5 are debt collectors, currently unknown to Plaintiff, who forwarded the account from Capital One to AMP and CVF without disclosing that the underlying judgment had been vacated.

38.     In the alternative, John Does # 1 – 5 did disclose to some or all subsequent debt collectors – including AMP and/or CVF – that the judgment was vacated, yet all Defendants intentionally sought to collect a judgment that they knew was vacated, and intentionally garnished Plaintiff's bank account knowing that the judgment had in fact been vacated.

39.     The attempt to freeze Ms. Sheppard's bank account based on the non-existent judgment inflicted emotion distress on her that affected her activities of daily living. She had thought the judgment was long since taken care of, but the debt collectors' attempt to freeze her bank account renewed the anxiety she had when she first discovered the judgment is 2008. The stress and anxiety of the garnishment caused her blood pressure to spike. She hardly slept for days. She was anxious, kept worrying, and kept thinking over and over again, "what am I going to do?"  She felt angry, cornered, and trapped. The stress was so great, she hardly left the bed for a couple of days, and did not do the activities she normally would, like shopping and cooking. She was worried about how she was going to pay her bills if her bank account was frozen and about her finances being thrown into disarray by  penalties and late fees resulting from debt collector's threat to freeze her bank account.

## FIRST CLAIM FOR RELIEF
### (Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)
### (All Defendants)

40.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41.    The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) ("Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope").

42.    Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance"); and Jacobson v. Healthcare Fin. Servs., 516 F.3d 85, 91 (2d Cir. N.Y. 2008) ("In this way, the FDCPA enlists the efforts of sophisticated consumers like [plaintiff] as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.")

43.    The credit card debt Defendants alleged Plaintiff owed is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was was incurred primarily for family, personal or household purposes. The only credit cards Plaintiff ever had were used primarily for family, personal or household purposes.

44.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because she was alleged to owe a "debt."

45.     Each of Defendants is a "debt collector" as defined in 15 U.S.C. § 1692a(6) as their principal purpose is the collection of debts and, and they regularly attempt to collect debts, directly or indirectly.

46.     AMP is a "debt collector" because it purchases or services thousands of alleged consumer debts after those debts are in default with the putative original creditor. AMP attempts to collect these debts directly by regularly making telephone calls and sending collection letters, such as those sent to Plaintiff, and that is AMP's primary purpose.

47.     CVF is a "debt collector" because it regularly purchases or services thousands of alleged consumer debts after those debts are in default with the putative original creditor.CVF's primary purpose is to collect these debts directly, or indirectly through debt collection law firms or servicers who make collection phone calls, send collection letters, file debt collection lawsuits, and engage in garnishment or otherwise collect putative consumer debts.

48.     Defendant Peter T. Roach and Associates, P.C. is a law firm engaged in the business of collecting debts by filing thousands of collection lawsuits on behalf of putative creditors or debt buyers; by making thousands of collection phone calls; and by sending out thousands of collection letters. Defendant regularly collects consumer debts alleged to be due to another, and that is its primary purpose.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

49.     Roach is a debt collector because he regularly collects debts through the PC. Roach is the named partner of the PC. On information and belief, Roach exercised control over the operation and management of the debt collection activities of the PC; and regularly engaged,

directly and indirectly, in the collection of debts. On information and belief, the pleadings, discovery and/or collection letters of the PC regularly contain the purported signature of Roach.

50.     Murtha is a debt collector because he regularly collects debts through the PC. Murtha signed the "Information Subpoena With Restraining Notice" freezing Plaintiff's bank account and attempting to collect a non-existent judgment. Murtha personally took the actions that form a basis of one or more of the FDCPA claims in by way of this suit. Murtha regularly signs pleadings, discovery, and other collection mechanisms for the PC, such as the information subpoena with restraining notice in this case.

51.     John Does # 1 – 5 are debt collectors, currently unknown to Plaintiff, who forwarded the account from Capital One to AMP and CVF without disclosing that the underlying judgment had been vacated.

52.     The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt, or were taken in connection with an attempt to collect a debt, within the meaning of the FDCPA.

53.     Defendants materially violated the following sections of the FDCPA: 15 USC 1692d, 1692e, and 1692f. Defendants violated the FDCPA by taking the following actions in an attempt to collect a debt or in connection with an attempt to collect a debt: engaging in conduct the natural consequence of which is to harass, oppress or abuse any person; using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; misrepresenting the services rendered or compensation which may be lawfully received; the representation or implication that nonpayment of any debt would result in seizure, garnishment, or attachment of any person unless such action is lawful and the debt collector intends to take such action; threatening to take and actually taking an action prohibited

by law, or which is not intended to be taken; communicating or threatening to communicate to any person credit information which is known or which should be known to be false; using false, deceptive or misleading representations or means; and using unfair or unconscionable means; collecting or seeking to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## SECOND CLAIM FOR RELIEF
### N.Y. Judiciary Law § 487
### (against the PC, Roach, and Murtha)

54.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein. The factual allegations stated above constitute violations of N.Y. Judiciary Law § 487.

55.    N.Y. Judiciary Law § 487 creates a private right of action against an attorney or counselor who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;" or, "wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for."

56.    The PC, Roach, and Murtha violated § 487 by seeking to garnish Ms. Sheppard's bank account on a non-existent judgment, and by issuing an Information Subpoena With Restraining Notice on a non-existent judgment.

57.    Ms. Sheppard is entitled to and seeks actual damages, treble damages, and attorneys' fees and costs for Defendants Roach's violations of N.Y. Judiciary Law § 487.

## THIRD CLAIM FOR RELIEF
### (Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq.)
### (against AMP)

58.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

59.    AMP violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, *et seq.*

60.    On information and belief, the calls AMP placed to Ms. Sheppard's cell phone were made using predictive dialers.

61.    The predictive dialers placed calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

62.    On information and belief, the calls AMP placed to Ms. Sheppard's cell phone used an autodialer that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

63.    The TCPA, 47 U.S.C. §227, provides:

§ 227. Restrictions on use of telephone equipment
. . . (b) Restrictions on use of automated telephone equipment.
(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

64.    The TCPA, 47 U.S.C. §227(b)(3), further provides:

Private right of action.
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
(C) both such actions.

13

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

65.     AMP violated the TCPA by placing automated calls to Plaintiff's cell phone.

66.     AMP made the calls to Sheppard's cell phone without prior express consent and not for an emergency purpose.

67.     AMP is strictly liable for statutory damages of $500 per call to Sheppard's cell phone, and up to three times that amount per call to the degree that its conduct was willful or knowing pursuant to 47 U.S.C. §227(b)(3).

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment against Defendants for the following:

68.     The above referenced relief requested;

69.     Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA);

70.     Pursuant to 47 U.S.C. §227(b)(3), statutory damages against AMP of $500 per call, and up to 3 times that amount per call to the degree that its violations of the TCPA were willful or knowing;

71.     Treble damages pursuant to N.Y. Judiciary Law § 487 (as to Defendants Roach, PC and Murtha);

72.     A declaration that Defendants violated the FDCPA as alleged;

73.     Actual damages within the jurisdictional limits of the court;

74.     Attorney fees and costs;

75.     Prejudgment and post judgment interest as allowed by law;

76.     General relief;

14

77.     All other relief, in law and in equity, both special and general, to which plaintiff may be justly entitled

### JURY TRIAL DEMANDED

Plaintiff demands a jury trial in this action.

August 20, 2012
Brooklyn, New York

Respectfully submitted,

Ahmad Keshavarz
THE LAW OFFICE OF AHMAD KESHAVARZ
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax:      (877) 496-7809
Email: ahmad@NewYorkConsumerAttorney.com

Matthew Schedler, Esq., Of Counsel (MS-3774)
Kathleen A. Master, Esq. Executive Director
CAMBA Legal Services, Inc.
885 Flatbush Ave.  2nd Fl.
Brooklyn, NY  11226
Telephone: (718) 940-6311
Fax: (718) 462-5537
Email: MatthewSc@camba.org
*Attorneys for the Plaintiff*

# EXHIBIT A

October 22, 2008 stipulation vacating default judgment and dismissing collection lawsuit

②

**CIVIL COURT OF THE CITY OF NEW YORK**
County of New York      Part PA2                              Index No. CV-030663-04/NY

Capital One Bank

        Plaintiff(s),

       -against-

Deborah E. Sheppard
        Defendant(s).

**STIPULATION**
**OF**
~~SETTLEMENT~~
DISCONTINUANCE

It is hereby stipulated and agreed by and between the parties that the above-referenced

action is settled/adjourned as follows:

This action is hereby discontinued without
prejudice to either party, ~~Plaintiff~~ and
the judgment is vacated.

ENTERED
NEW YORK COUNTY
OCT 22 2008
City of New York
of the
Civil Court

JUDGE DEBRA ROSE SAMUELS

Signature  _Cur Fun_                    Date  10/22/08          Signature  _Frances Weinstock_   Date 10/22/08
                                                                                 CAMBA Legal
                                                                                 Services

CIV-GP-32 (Revised, 7/06) (3-Ply)                              Page  1  of  1

# EXHIBIT B

October 14, 2011 letter from Ms. Sheppard to AMP that judgment had been vacated

Deborah Sheppard
410 St. Nicholas Avenue #25E
New York, NY 10027

10/14/11

Asset Management Professionals
665 Molly Lane Suite 110
Woodstock, GA 30188

**Reference No.: 2510425**
**Original Creditor: Capital One**
**Balance: $5223.10**

To Whom It May Concern:

This letter is concerning the collection of the aforementioned account with your agency.

*I do not believe I owe what you say I owe therefore I dispute this debt.* I am well aware of my rights under the Fair Debt Collection Practices Act (FDCPA) and my state laws, so I hope to save both of us a great deal of time by letting you know that not only do I dispute the validity of this debt, I have verified that the Statute of Limitations for enforcing this type of debt through the courts in New York has expired **[6 yrs. N.Y. Civ. Prac. L. & R. §213(1)]**. Therefore, should you decide to pursue this matter in court, I intend to inform the court of my dispute of this debt and that the "statute of limitations" has expired. In addition, the judgment that you referenced in your telephone call to me has been vacated by New York County Civil Court Honorable Debra Rose Samuels. Attached you will find documentation.

This letter is your formal notification that I consider this matter closed and demand that you, or anyone affiliated with your company, stop contacting me regarding this or any other matter except to advise me that your debt collection efforts are being terminated or that you or the creditor are taking specific actions allowed by the FDCPA or my state laws.

Be advised that I consider any contact not in accordance with the Fair Debt Collection Practices Act a serious violation of the law and will immediately report any violations to my State Attorney General, to the Federal Trade Commission and, if necessary, take whatever legal action is necessary to protect myself. Also, be advised that I tape record all phone calls and violations of the FDCPA can result in you or your company being personally fined up to $1,000 per incident.

Sincerely,

Deborah Sheppard
410 St. Nicholas Avenue #25E
New York, NY 10027

cc: Federal Trade Commission; NY Department of Consumer Affairs



*Asset Management*



# New York State Unified Court System

**COURTS**

## *WebCivil Local - Case Detail*

| | |
|---|---|
| Court: | **New York County Civil Court** |
| Index Number: | **CV-030663-04/NY** |
| Case Name: | **CAPITAL ONE BANK vs. SHEPPARD, DEBORAH E** |
| Case Type: | **Civil** |
| Classification: | |
| Filing Date: | **06/08/2004** |
| Disposition Date: | **10/22/2008** |
| Calendar Number: | |
| Jury Demand: | **No** |
| Judge Name: | |

Attorney/Firm(s) For Plaintiff - CAPITAL ONE BANK:

**RUBIN & ROTHMAN LLC**
**1787 VETERANS HWY-STE 32 P.O. BOX 9003**
**Islandia, New York  11749**
**6312341500**

Attorney Type: **Firm**

Attorney/Firm(s) For Defendant - DEBORAH E SHEPPARD:
**Self-Represented Litigant**

[ Close ]   [ Show All Appearances ]   [ Show Motions ]   [ Add to eTrack ]



## New York State Unified Court System

*WebCivil Local - Motion Detail*

Court:                **New York County Civil Court**
Index Number:   **CV-030663-04/NY**
Case Name:       **CAPITAL ONE BANK vs. DEBORAH E SHEPPARD**
Case Type:        **Civil**

**Motion Information:**

| Motion Number | Date Filed | Filed By | Relief Sought | Submit Date | Status | Decision Date | Order Signed Date |
|---|---|---|---|---|---|---|---|
| 001 | 10/02/2008 | Defendant | Vacate Judgment | | Granted - Index Disposed Before Judge: Honorable Debra Rose Samuels | | |

Close

*Asset Management*



# New York State Unified Court System



## *WebCivil Local - Case Detail*

| | |
|---|---|
| Court: | **New York County Civil Court** |
| Index Number: | **CV-030663-04/NY** |
| Case Name: | **CAPITAL ONE BANK vs. SHEPPARD, DEBORAH E** |
| Case Type: | **Civil** |
| Classification: | |
| Filing Date: | **06/08/2004** |
| Disposition Date: | **10/22/2008** |
| Calendar Number: | |
| Jury Demand: | **No** |
| Judge Name: | |

Attorney/Firm(s) For Plaintiff - CAPITAL ONE BANK:

**RUBIN & ROTHMAN LLC**          Attorney Type: **Firm**

**1787 VETERANS HWY-STE 32 P.O. BOX 9003**
**Islandia, New York  11749**
**6312341500**

Attorney/Firm(s) For Defendant - DEBORAH E SHEPPARD:
**Self-Represented Litigant**

[ Close ]   [ Show All Appearances ]   [ Show Motions ]   [ Add to eTrack ]

**EXHIBIT C**

December 5, 2011 information subpoena and restraining notice to be sent to Amalgamated Bank, seeking to enforce the vacated judgment in the previously dismissed Capital One Bank action.

Notably, the restraining notice contained a different plaintiff in the caption, CVF, though the index number is identical.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK, STATE OF NEW YORK

INDEX NO.
CV030663-04

----------------------------------------------------------X

CVF Consumer Acquisition*,

Plaintiff,

-against-

DEBORAH E SHEPPARD,

Defendant.

----------------------------------------------------------X

TO:   Amalgamated Bank
      275 7th Avenue
      New York, NY 10001

**INFORMATION SUBPOENA
WITH RESTRAINING NOTICE**

S.S. # ***-**-9746

Defendant(s) address:  410 SAINT NICHOLAS AVE
                       NEW YORK NY 10027

**WHEREAS,** in an action in the CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF NEW YORK, STATE OF NEW YORK between CVF Consumer Acquisition* as Plaintiff(s) and DEBORAH E SHEPPARD whose last known address is: 410 SAINT NICHOLAS AVE, NEW YORK NY 10027, as Defendant(s) who are all the parties named in said action, a judgment was entered on August 4, 2004 in favor of CVF Consumer Acquisition* Plaintiff(s) (judgment creditor(s)) and against DEBORAH E SHEPPARD Defendant (s) (judgment debtor(s)) in the amount of $2,259.13 of which $2,259.13 together with interest thereon from August 4, 2004 remains due and unpaid; and

**NOW, THEREFORE, WE COMMAND YOU,** that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions within 7 days after your receipt of the questions and this subpoena.

**TAKE NOTICE** that false swearing or failure to comply with this subpoena is punishable as a contempt of Court.

**RESTRAINING NOTICE**

**WHEREAS,** it appears that you owe a debt to the Judgment Debtor or are in possession or have custody of property in which the Judgment Debtor has an interest, excluding wages or salary due or to become due: ANY AND ALL SAVINGS, CHECKING, CD ACCOUNTS, SAFEDEPOSIT BOXES, OR ANY PROPERTY, OF THE ABOVE NAMED JUDGMENT DEBTOR.

**TAKE NOTICE,** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

**CIVIL PRACTICE LAW AND RULES**

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice.  Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other that the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs.  A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other that the judgment debtor, for any damages sustained by reason of the restraint.  If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this Restraining Notice is punishable as a contempt of Court.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED SHALL BE USED FOR THAT PURPOSE.**

DATED: December 5, 2011

By: TIMOTHY J MURTHA
125 Michael Drive, Suite 105, Syosset, NY 11791

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK, STATE OF NEW YORK
--------------------------------------------------------------x
Plaintiff
CVF Consumer Acquisition*,

V

Defendant
DEBORAH E SHEPPARD
--------------------------------------------------------------x

INDEX NO. CV030663-04
EXEMPTION CLAIM FORM

NAME & ADDRESS OF JUDGMENT
CREDITOR OR ATTORNEY

NAME AND ADDRESS OF FINANCIAL
INSTITUTION

PETER T ROACH & ASSOC., P.C.
125 MICHAEL DRIVE, SUITE 105
SYOSSET, NY 11791

Amalgamated Bank
275 7th Avenue
New York, NY 10001

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, pay stubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be release more quickly.

I state that my account contains the following type(s) of funds (check all that apply):

_____ Social Security
_____ Social security disability (SSD)
_____ Supplemental security income (SSI)
_____ Public Assistance
_____ Wages while receiving SSI or public assistance
_____ Veterans benefits
_____ Unemployment insurance
_____ Payments from pensions and retirement accounts
_____ Income earned in the last 60 days (90% of which is exempt)
_____ Child support
_____ Spousal support or maintenance (alimony)
_____ Workers' compensation
_____ Railroad retirement or black lung benefits
_____ Other (describe exemption):_____

I request that any correspondence to me regarding my claim be sent to the following address:

(FILL IN YOUR COMPLETE ADDRESS)

I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

DATE                        SIGNATURE OF JUDGMENT DEBTOR



**AMALGAMATED BANK**®

Date  12/13/2011

( X )  This is to advise you that we have been served with the following against your account (s):

Info. Subp. With Rest. Notice

( )  Further to our Notice of _____   we have been served with the following process:

TITLE OF ACTION:

*CVF Consumer Acquisition*

-------------------------------------------------------- AGAINST --------------------------------------------------------

Deborah E Sheppard                                                                                            Defendant(s)

| Court and County in Which Judgment Entered: | Date Judgment Entered: |
|---|---|
| Civil court of the City of New York | 8/4/2004 |
| County of New York, State of New York | |

✱ Amount of Claim or Judgment      $2,259.13         Together with Marshal/Sheriff Fees $ _____

ATTORNEY FOR PLAINTIFF, CLAIMANT OR JUDGMENT CREDITOR (NAME AND ADDRESS)

Peter T Roach & Associates
125 Michael Drive Suite 105
Syoset, NY 11791
Tel. 516-938-3100

OFFICER MAKING LEVY (NAME AND ADDRESS)

( X )  PURSUANT TO SAID PROCESS, WE HAVE SEGREGATED FROM YOUR ACCOUNT(S )  -0-      AND WE MAY
BE FURTHER REQUIRED BY THE AFORESAID PROCESS, OR BY COURT ORDER, TO MAKE A RETURN, TO APPEAR FOR
EXAMINATION; TO PRODUCE RECORDS, TO MAKE PAYMENT FROM YOUR ACCOUNT(S) OR TO SEGREGATE ADDITIONAL SUMS
RECEIVED FOR YOUR ACCOUNT(S), IF THE AMOUNT NOW HELD IS INSUFFICIENT TO COVER THE AMOUNT CLAIMED WITH
INTEREST AND COSTS.  ALSO A SERVICE CHARGE OF $100.00 WILL BE CHARGED.

LEASE LET US KNOW IF YOU HAVE ANY QUESTIONS CONCERNING THIS MATTER OR IF WE MAY BE OF ASSISTANCE.  YOU MAY
CONTACT US AT (212) 895-4628.

MAIL
TO

DEBORAH E SHEPPARD
410 ST NICHOLAS AVAE. APT. 25E
NEW YORK, NEW YORK 10027

Kathryn Brady, Asst. Manager

275 7ᵀᴴ AVENUE          |          NEW YORK, NY 10001          |          212-255-6200          |          www.amalgamatedbank.com

# EXHIBIT D

January 18, 2012 verification demand to Roach

Date: January 18, 2012

Peter T. Roach & Associates, PC
125 Michael Dr., Suite 105
Syosett, NY 11791

Re: Index number CV-030662-04

Dear Debt Collector:

Enclosed please find 1) the completed claim exemption form for the garnishment you issues and 2) the 2008 stipulation vacating the judgment and discontinuing the action.

Please verify the above-referenced debt as required by the Administrative Code of the City of New York 20-493.2(a) and 2-190 of Title 6 of the Rules and Regulations of the City of New York. Please provide documentation:

1. Identifying the owner, servicer or debt collector for this debt for the last 12 months.
2. Who sent the account to you and to CVF Consumer Acquisition for collection.
3. If the entity that forwarded the account to you disclosed that the judgment was vacated.
4. Itemizing how you calculated the amount due, including principal, interest and collection fees.

Do not call me. I have never given anyone consent to call my cell phone number regarding this debt, and revoke any permission anyone may believe I have given.

Do not contact me. Please mail the verification to my attorney:

Matthew Schedler
Staff Attorney, CAMBA Legal Services
CAMBA
885 Flatbush Avenue, 2nd Fl
Brooklyn, NY  11226
718-940-6311 ext 79284
Fax 718-462-5537

Sincerely,

Deborah E. Sheppard
410 St. Nicholas Ave., # 25E
New York, NY 10027

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK, STATE OF NEW YORK
-----------------------------------------------------------x
Plaintiff
CVF Consumer Acquisition*,

V

Defendant
DEBORAH E SHEPPARD
-----------------------------------------------------------x

NAME & ADDRESS OF JUDGMENT
CREDITOR OR ATTORNEY

PETER T ROACH & ASSOC., P.C.
125 MICHAEL DRIVE, SUITE 105
SYOSSET, NY 11791

INDEX NO. CV030663-04
EXEMPTION CLAIM FORM

NAME AND ADDRESS OF FINANCIAL
INSTITUTION

Amalgamated Bank
275 7th Avenue
New York, NY 10001

Directions: To claim that some or all of the funds in your account are exempt, complete both copies of this form, and make one copy for yourself. Mail or deliver one form to ADDRESS A and one form to ADDRESS B within twenty days of the date on the envelope holding this notice. **If you have any documents, such as an award letter, an annual statement from your pension, pay stubs, copies of checks or bank records showing the last two months of account activity, include copies of the documents with this form. Your account may be release more quickly.
I state that my account contains the following type(s) of funds (check all that apply):

_ Social Security
_ Social security disability (SSD)
_ Supplemental security income (SSI)
_ Public Assistance
_ Wages while receiving SSI or public assistance
_ Veterans benefits
_ Unemployment insurance
_ Payments from pensions and retirement accounts
✓ Income earned in the last 60 days (90% of which is exempt)
_ Child support
_ Spousal support or maintenance (alimony)
_ Workers' compensation
_ Railroad retirement or black lung benefits
_ Other (describe exemption):_____

I request that any correspondence to me regarding my claim be sent to the following address:

(FILL IN YOUR COMPLETE ADDRESS)
410 ST. NICHOLAS Ave. # 25 E   NY, NY 10027
I certify under penalty of perjury that the statement above is true to the best of my knowledge and belief.

DATE 12-19-2011          SIGNATURE OF JUDGMENT DEBTOR
                         Deborah E. Sheppard

**CIVIL COURT OF THE CITY OF NEW YORK**
County of _New York_     Part _PA2_              Index No. CV-030663-04/NY

Capital One Bank
_____

                    Plaintiff(s),                          **STIPULATION**
                                                                **OF**
                -against-                                  ~~SETTLEMENT~~
Deborah E. Sheppard                                        DISCONTINUANCE
                    Defendant(s).
_____

        It is hereby stipulated and agreed by and between the parties that the above-referenced

action is settled/adjourned as follows:

        This action is hereby discontinued without
prejudice to either party, ~~Plaintiff~~ and
the judgment is vacated

_____        _____
Signature        10/22/08        Signature  CAMBA Legal        Date 10/22/08
                                                    services
CIV-GP-32 (Revised, 7/06) (3-Ply)        Page ___1___ of ___1___

Frances Weinstock